UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NORDIA TOMPKINS, | |
| *Petitioner-Plaintiff*, | No. 22-CV-339 (OAW) |
| v. | |
| TIMETHEA PULLEN, Warden of Federal Correctional Institution Danbury, in her official capacity, | April 25, 2022 |
| PATRICK MCFARLAND, Residential Reentry Manager, in his official capacity, and | |
| MICHAEL CARVAJAL, Director, Federal Bureau of Prisons, in his official capacity, | |
| *Respondents-Defendants.* | |

**PETITIONER-PLAINTIFF'S REQUEST FOR IMMEDIATE RULING AND OPPOSITION TO RESPONDENTS-DEFENDANTS' REQUEST TO FILE REPLY BRIEF**

Petitioner-Plaintiff Nordia Tompkins respectfully requests that this Court rule on her habeas petition, which has been briefed by the parties, and deny Respondents-Defendants' request to file a further response to Ms. Tompkins' habeas petition.

On March 23, 2022, this Court granted Ms. Tompkins' Motion for Order to Show Cause and required Respondents-Defendants to "show cause on or before April 13, 2022, why the relief prayed for in the petition for writ of habeas corpus should not be granted." ECF 13. Respondents-Defendants did just that on April 13, 2022 (ECF 14), and Ms. Tompkins replied on April 22, 2022 (ECF 15). As a result, this habeas petition is now fully briefed and ready for decision by this Court.

1

Indeed, under 28 U.S.C. § 2243, after an order to show cause is issued, "[t]he person to whom the writ or order is directed shall make a return certifying the true cause of the detention." Thereafter, "[t]he applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts." In addition, "[t]he return and all suggestions made against it may be amended, by leave of court, before or after being filed." 28 U.S.C. § 2243. The Rules Governing Section 2254 Cases in the Federal District Courts, which courts may apply to § 2241 cases, also contemplate a respondent filing an answer to a habeas petition, where ordered by the court to do so—and the petitioner thereafter filing "a reply to the respondent's answer or other pleading." *See* Rule 5(a), (e). Accordingly, this matter has been fully briefed, ready for decision by this Court.[1]

Ms. Tompkins further opposes additional briefing and delay to adjudication of her habeas petition because she is incarcerated and her habeas alleges that her detention is unconstitutional and unlawful under federal statute and regulation. Every day she remains incarcerated is a continuation of her unlawful imprisonment. Respondents-Defendants do not dispute that they failed to provide a number of the procedural protections required under *Morrissey v. Brewer*, 408 U.S. 471 (1972) and *Young v. Harper*, 520 U.S. 143 (1997).[2]

Finally, Ms. Tompkins would have no objection to further briefing in this case should Respondents-Defendants agree to enlargement, or bail, pending resolution of her habeas petition. Indeed, Respondents-Defendants have already determined that Ms. Tompkins may be in the

---

[1] Ms. Tompkins does not believe an evidentiary hearing is necessary to resolve the petition in her favor, but should the Court find it appropriate to hold a hearing, Ms. Tompkins requests that the Court order one forthwith.

[2] The fact that Respondents-Defendants failed to engage with binding precedent on when the Due Process Clause requires procedural protections before someone is re-imprisoned while in the community while serving a sentence should not be rewarded by delaying adjudication of the case when the habeas petition clearly put Respondents-Defendants on notice of the claim.

community again, as they have decided to furlough—or release from prison—Ms. Tompkins in late May.[3]

For the reasons stated above, Ms. Tompkins respectfully requests that this Court adjudicate her habeas petition and deny Respondents-Defendants' requests for additional briefing.

Respectfully submitted,

NORDIA TOMPKINS

Dated: April 25, 2022   By:   */s/ Sarah F. Russell*
Sarah F. Russell, ct26604
Legal Clinic, Quinnipiac University School of Law
275 Mt. Carmel Avenue
Hamden, CT 06518
Telephone: (203) 582-5258
Email: sarah.russell@quinnipiac.edu

Marisol Orihuela, ct30543
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520
Telephone: (203) 432-4800
Email: marisol.orihuela@ylsclinics.org

---

[3] Under applicable regulations, the BOP may furlough an individual in its custody, thereby releasing them from prison and into the community, in certain circumstances. *See* 28 U.S.C. 570.30 *et seq.*