UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **NORDIA TOMPKINS**, <br><br> *Petitioner-Plaintiff,* <br> v. <br><br> **TIMETHEA PULLEN**, Warden of Federal Correctional Institution Danbury, in her official capacity, et. al, <br><br><br> *Respondents-Defendants.* | No. 22-CV-339 (OAW) <br><br><br><br> July 1, 2022 |

**NOTICE OF ADDITIONAL AUTHORITY**

Petitioner-Plaintiff Nordia Tompkins, through counsel, respectfully submits the attached materials from the federal Bureau of Prisons (BOP) relevant to the expectation of home confinement participants that they will not be returned to prison absent violations of home confinement rules. Counsel for Ms. Tompkins referenced these materials during oral argument on June 29, 2022 in response to new arguments made by Respondents-Defendants' counsel at the argument. The Court can take judicial notice of these materials, which are authored by the BOP and publicly available on the internet.

Attached as Exhibit 4 is a Memorandum from BOP General Counsel Ken Hyle dated December 10, 2021. In the memo, Mr. Hyle states that individuals on home confinement are subject to monitoring and "transfer back to secure correctional facilities if there are any significant disciplinary infractions or violations of the agreement" that they sign when commencing home confinement. He states further: "Under regular circumstances, inmates who have made this transition to home confinement would not be returned to a secured facility, unless

there was a disciplinary reason for doing so, as the benefit of home confinement is to adjust to life back in the community, and therefore removal from the community would obviously frustrate that goal."[1]

Attached as Exhibit 5 is testimony from BOP Director Michael Carvajal and Medical Director Jeffrey Allen dated June 2, 2020. These officials testified to Congress that BOP had begun aggressively screening individuals to be placed on home confinement "for service of the *remainder* of their sentences."[2]

Attached as Exhibit 6 is BOP's Program Statement on Home Confinement, which discusses the obligations of BOP's CCMs (now called RRMs, or Residential Reentry Management field offices) to ensure a system is in place for handling violations of program rules that meets due process requirements and "includes provisions for dealing with minor infractions of program rules and with major infractions that could result in the inmate's termination from the program."[3]

                                    Respectfully submitted,

                                    NORDIA TOMPKINS

July 1, 2022                  By:    */s/ Sarah F. Russell*
                                              Sarah F. Russell, ct26604
                                              Legal Clinic, Quinnipiac University School of Law
                                              275 Mt. Carmel Avenue
                                              Hamden, CT 06518
                                              Telephone: (203) 582-5258

---

[1] Memorandum for Christopher H. Schroeder, Assistant Attorney General, Office of Legal Counsel, from Kenneth Hyle, General Counsel, BOP, Re: Views Regarding OLC Opinion, "Home Confinement of Federal Prisoners After the COVID-19 Emergency," at 5 (Dec. 10, 2021), https://www.aclu.org/sites/default/files/field_document/bop_cares_memo_12.10.21.pdf

[2] Dep't of Just., Statement of Michael D. Carvajal, Director, and Dr. Jeffrey Allen, Medical Director, Director, Federal Bureau of Prisons Before the U.S. Senate Committee on the Judiciary, at 6 (June 2, 2020) (emphasis added), https://www.judiciary.senate.gov/imo/media/doc/Carvajal-Allen%20Joint%20Testimony.pdf

[3] BOP Program Statement 7320.01, CN-2, Home Confinement, at 9 (updated Dec. 15, 2017) https://www.bop.gov/policy/progstat/7320_001_CN-2.pdf

Email: sarah.russell@quinnipiac.edu

Marisol Orihuela, ct30543
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520
Telephone: (203) 432-4800
Email: marisol.orihuela@ylsclinics.org